UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTIAN FOUMAL,

                    Plaintiff,

        v.                                No. C11-5310 BHS/KLS

CCO McCARTNEY (RS COUNSELOR),              ORDER TO AMEND OR SHOW CAUSE

                    Defendant.

        This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4. Plaintiff's application to proceed *in forma pauperis* has been granted under separate Order. ECF No. 7. Presently before the Court for review is Plaintiff's proposed civil rights complaint. ECF No. 8. After reviewing Plaintiff's proposed complaint, the Court declines to serve the complaint because it is deficient.

## DISCUSSION

        Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

ORDER TO AMEND OR SHOW CAUSE- 1

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id.* at 1974.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Neither can the court supply essential facts that an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "the complaint [must provide] 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Kimes v. Stone* 84 F.3d 1121, 1129 (9th Cir. 1996) (citations omitted). In addition, in order to obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

To be liable for "causing" the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation. *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff claims that Corrections Officer McCartney, a RS Counselor at the Washington Corrections Center has defamed Plaintiff's character, slandered him with statements without provocation or factual basis, and subjected him to ridicule. ECF No. 8, p. 3. Plaintiff alleges that on March 16, 2011, Counselor McCartney intercepted and answered an offender's kite that Plaintiff had sent to his counselor, Charles Korus. The response to the kite reads, in part, as follows:

> You are in for CCCC
> You sir – are a career criminal with no visible intention of good. – Without conscience – Predicted by all demographics to do violence out of selfishness. HV probability factor – man up.

ECF No. 8, p. 4.

Plaintiff filed a grievance on the matter and in a response by Grievance Coordinator James P. Tucker was advised as follows:

> As noted during the initial interview, the counselor had been met by his supervisor and directed to respond in a fashion deemed appropriate. Thank you for bringing this issue to light. Apology offered due to perceived offense.

ECF No. 8, p. 6.

Plaintiff alleges that he has no violence on his file and that Counselor McCartney's response to his kite was unprofessional and caused him emotional and mental hurt. *Id.*, p. 7. He seeks monetary damages for emotional duress. *Id.,* p. 8.

On the basis of these allegations, the Court finds that Plaintiff has failed to state a viable cause of action under 42 U.S.C. § 1983.

ORDER TO AMEND OR SHOW CAUSE- 3

Plaintiff alleges that Counselor McCartney has committed the tort of slander by accusing Plaintiff of being a career criminal who would do violence out of selfishness. There is no civil rights action for slander. *Hollister v. Turtle,* 210 F.3d 1033, 1036 (9th Cir. 2000). Defamation alone is not a constitutional violation. *See Paul v. Davis,* 424 U.S. 693, 712, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976) ("[P]etitioners' defamatory publications, however seriously they may have harmed respondent's reputation, did not deprive him of any 'liberty' or 'property' interests protected by the Due Process Clause"). Damage to reputation, standing alone, cannot state a claim for relief under section 1983 because reputation is neither a property nor liberty guaranteed against state deprivation without due process of law. *Johnson v. Barker,* 788 F.2d 1396, 1399 (9th Cir. 1986).

Further, any claim for intentional infliction of emotional distress based on the alleged defamation stands or falls with the defamation claim. In other words, an independent cause of action for intentional infliction of emotional distress based on the same acts that would not support a defamation action will not be allowed. *See Flynn v. Higham,* 149 Cal.App.3d 667, 197 Cal.Rptr. 145 (1983) (allowing independent cause of action for intentional infliction of emotional distress based on same act which would not support defamation action would render meaningless any defense of truth or privilege).

Thus, Plaintiff's allegations here state no more than possibly a state tort law claim for defamation and intentional infliction of emotional distress based on the defamation, but fails to assert denial of a right secured by the Constitution or laws of the United States. This Court is without jurisdiction to decide issues of purely state law.

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed no later than **August 5, 2011.** If Plaintiff chooses to amend his complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights. The complaint must allege in specific terms how each named defendant is involved. The amended complaint must set forth all of Plaintiff's factual claims, causes of action, and claims for relief. Plaintiff shall set forth his factual allegations **in separately numbered paragraphs** and shall allege with specificity the following:

(1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2) the dates on which the conduct of each Defendant allegedly took place; and

(3) the specific conduct or action Plaintiff alleges is unconstitutional.

An amended complaint operates as a <u>complete</u> substitute for (rather than a mere supplement to) the present complaint. In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed. Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (as a general rule, an amended complaint supersedes the prior complaint). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff shall present his complaint on the form provided by the court. The amended complaint must be **legibly rewritten or retyped in its entirety**, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be

ORDER TO AMEND OR SHOW CAUSE- 5

clearly labeled the "Amended Complaint" and must contain the same cause number as this case. Plaintiff should complete all sections of the court's form. Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended complaint. **Plaintiff is advised that he should make a short and plain statement of claims against the defendants. He may do so by listing his complaints in separately numbered paragraphs. He should include facts explaining how each defendant was involved in the denial of his rights.**

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to the violation of Plaintiff's rights.

If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **August 5, 2011**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

ORDER TO AMEND OR SHOW CAUSE- 6

1     **The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C.**

2     **1983 civil rights complaint and for service.  The Clerk is further directed to send a copy of**

3     **this Order and a copy of the General Order to Plaintiff**.

4

5         **DATED** this  8th  day of July, 2011.

6

7                                                              *Karen L. Strombom*

8                                                              Karen L. Strombom
                                                               United States Magistrate Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER TO AMEND OR SHOW CAUSE- 7