UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTIAN FOUMAL,

                Plaintiff,

v.

CCO McCARTNEY (RS COUNSELOR),

                Defendant.

No. C11-5310 BHS/KLS

**REPORT AND RECOMMENDATION**
**Noted for: September 30, 2011**

On July 8, 2011, Plaintiff was granted leave to file an amended complaint on or before December 26, 2010. ECF No. 9. Plaintiff has not responded to the Court's order. The undersigned recommends that the action be dismissed.

## DISCUSSION

In his complaint, Plaintiff claimed that Corrections Officer McCartney, a RS Counselor at the Washington Corrections Center defamed Plaintiff's character, slandered him with statements without provocation or factual basis, and subjected him to ridicule, when he responded to Plaintiff's kite as follows:

> You are in for CCCC
>
> You sir – are a career criminal with no visible intention of good. – Without conscience – Predicted by all demographics to do violence out of selfishness. HV probability factor – man up.

ECF No. 8, pp. 3-4. Plaintiff seeks monetary damages for emotional duress. *Id.,* p. 8.

REPORT AND RECOMMENDATION - 1

On the basis of these allegations, the Court found that Plaintiff failed to state a viable cause of action under 42 U.S.C. § 1983 because there is no civil rights action for slander. ECF No. 9 (citing *Hollister v. Turtle,* 210 F.3d 1033, 1036 (9th Cir. 2000)). Defamation alone is not a constitutional violation. *See Paul v. Davis,* 424 U.S. 693, 712, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976) ("[P]etitioners' defamatory publications, however seriously they may have harmed respondent's reputation, did not deprive him of any 'liberty' or 'property' interests protected by the Due Process Clause"). Damage to reputation, standing alone, cannot state a claim for relief under section 1983 because reputation is neither a property nor liberty guaranteed against state deprivation without due process of law. *Johnson v. Barker,* 788 F.2d 1396, 1399 (9th Cir. 1986).

In addition, any claim for intentional infliction of emotional distress based on the alleged defamation stands or falls with the defamation claim. An independent cause of action for intentional infliction of emotional distress based on the same acts that would not support a defamation action will not be allowed. *See Flynn v. Higham,* 149 Cal.App.3d 667, 197 Cal.Rptr. 145 (1983) (allowing independent cause of action for intentional infliction of emotional distress based on same act which would not support defamation action would render meaningless any defense of truth or privilege).

Based on the foregoing, Plaintiff was advised that he had failed to assert denial of a right secured by the Constitution or laws of the United States. Nevertheless, he was given an opportunity to show cause and/or file an amended complaint to cure, if possible, the deficiencies of his complaint. Plaintiff was given until August 5, 2011 to do so and was warned that if he failed to do so or failed to adequately address the issues raised in the Order to Show Cause, the Court would recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). ECF No. 9, p. 6.

Plaintiff has not responded to the Court's Order to Show Cause and has not filed an amended complaint. Accordingly, it is recommended that this action be dismissed dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and that the dismissal should count as a "strike" under 28 U.S.C. § 1915(g).

## CONCLUSION

Although he was given leave to amend, Plaintiff failed to respond to this Court's order and has failed to file an amended pleading stating a cognizable claim under 42 U.S.C. § 1983. Accordingly, this case should be **dismissed without prejudice and the dismissal counted as a "strike" under 28 U.S.C. § 1915(g).**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 30, 2011**, as noted in the caption.

**DATED** this  12th  day of September, 2011.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3